R. E. WOODSIDE, Appellant, v. DENT COUNTY.

In Banc, April 13, 1925.

**COURT REPORTER:** Traveling Expenses.  Court reporters in circuits having a total population of over 60,000 and composed of two or more counties, each of which has less than 45,000 inhabitants, are entitled, under Section 12674, Revised Statutes 1919, to travel and hotel expenses, to be paid as provided in said section, in addition to their salaries of three thousand dollars.

Citations to Headnotes: Courts, 15 C. J. sec. 211.

Appeal from Dent Circuit Court.—*Hon. W. E. Barton,* Judge.

REVERSED AND REMANDED (*with directions.*)

*L. B. Woodside* for appellant.

*John M. Stephens* for respondent.

ATWOOD, J.—Appellant seeks to recover $613.24 alleged to be the balance due him from respondent for the last 4¾ months of the year 1919, and for the years 1920, 1921, 1922 and 1923, on his salary as court reporter of the Nineteenth Judicial Circuit. The population of the counties comprising this circuit was as follows: Crawford County, 12,355; Dent County, 12,318; Laclede County,

16,857; Phelps County, 14,941; Pulaski County, 10,940; Texas County, 20,548; Total population, 87,959.

This circuit having a total population of 60,000 and more, under Section 12670, Revised Statutes 1919, as construed by this court in State ex rel. Geaslin v. Walker, 302 Mo. 116, 257 S. W. 470, appellant as court reporter for the circuit was entitled to a salary of $3,000 per annum. During the above period appellant received $2,000 per annum on his salary. The population of Dent County at that time was 12,318 and under this statute appellant was entitled to receive from Dent County on his said salary such proportion as its population bore to the population of the entire circuit, or approximately fourteen per cent, as claimed by appellant. During the time for which appellant claims said salary is due him he received from Dent County the sum of $271.56 to cover its proportionate part of money actually expended by him in necessary hotel and traveling expenses while engaged in attending regular, special and adjourned terms of court at places in the circuit in which he was appointed, other than the place of his residence therein, or while engaged in going to or from such places for the purpose of attending such terms of court.

The case was tried by agreement before the court and the above facts found, but the court further found "that the said plaintiff was not entitled to collect any expenses expended by him in necessary hotel and traveling expenses while attending the courts in the counties of the circuit other than his residence," and gave appellant judgment for $341.68, being the $613.24 sued for, less the $271.56 previously paid him by respondent to cover its share of money expended by him as aforesaid. The circuit court thus held that appellant was entitled to the salary claimed, following our construction of Section 12670, Revised Statutes 1919, supra, but not entitled to reimbursement under Section 12674, Revised Statutes 1919, for money actually expended, as appellant claims, pursuant thereto.

The only question presented is whether court reporters in circuits having a total population of over 60,000 and where each of the counties in the circuit has less than 45,000 inhabitants are entitled to expenses provided by Section 12674, Revised Statutes 1919, in addition to salary. The section reads:

"Sec. 12674. Every official court reporter of a circuit or a criminal court in counties having forty-five thousand inhabitants and less shall be allowed and paid all sums of money actually expended only in necessary hotel and traveling expenses, while engaged in attending any regular, special or adjourned term of court at any place in the circuit in which he is appointed, other than the place of his residence therein, or while engaged in going to and from any such place for the purpose of attending such terms of court. Such moneys shall be paid out of the county treasuries of the respective counties in said district in proportion to their respective populations. [Laws 1919, p. 713.]"

The above section applies only to circuits consisting of two or more counties. The manner of apportionment and payment of this expense by the respective counties prescribed in the last sentence of the law indicates this intent beyond a peradventure. In no such circuit is there now or was there at the time the law was passed a county having more than 45,000 inhabitants. Consequently, no hardship arises and no good reason appears why the plain, unambiguous terms of the statute should not be given a literal construction and held to apply to every official court reporter of a circuit court in counties having 45,000 inhabitants and less. Appellant was a resident of Dent County within the judicial circuit for which he was the duly appointed, qualified and acting official court reporter. Circuit court was held in every county in this circuit and every county in the circuit had less than 45,000 inhabitants, though the total population of the circuit was more than 60,000. The facts in appellant's case clearly bring him within the purview of Sections 12670 and 12674, Revised Statutes 1919, and he was entitled to

recover the full amount sought. Nothing said in State ex rel. v. Walker, supra, is deemed in conflict herewith.

The finding and judgment of the circuit court is reversed and remanded with directions to enter judgment as prayed in plaintiff's petition. All concur, except *Walker, J.,* who dissents.